## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHEILA BLACKMAN-BAHAM,
          Appellant,

v.

DEPARTMENT OF HOMELAND
    SECURITY,
          Agency.

DOCKET NUMBER
SF-0752-12-0468-X-1

DATE: January 20, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Sheila Blackman-Baham, Fairfield, California, pro se.

Daniel Piccaluga, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The administrative judge issued a compliance initial decision finding the agency noncompliant with the May 29, 2013 initial decision in the underlying appeal, MSPB Docket No. SF-0752-12-0468-I-2. *See* MSPB Docket No.

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

SF-0752-12-0468-C-1, Compliance Initial Decision (CID) (July 11, 2014). For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2        On May 29, 2013, the administrative judge issued an initial decision reversing the appellant's removal and requiring the agency to restore her effective March 22, 2012. MSPB Docket No. SF-0752-12-0468-I-2, Initial Decision at 19 (May 29, 2013). Neither party filed a petition for review, and the initial decision became the final decision of the Board.

¶3        Following the appellant's petition for enforcement, the administrative judge found the agency in partial noncompliance with the initial decision and ordered it to take various actions to come into full compliance. CID at 22-23. On August 13, 2014, the agency submitted evidence of purported compliance. MSPB Docket No. SF-0752-12-0468-X-1, Compliance Referral File (CRF), Tab 1. The appellant filed no response.

¶4        On November 7, 2014, the Board issued an order noting that the agency's submission referred to an August 12, 2014 submission from the appellant that the Board had not received. CRF, Tab 3 at 1. The Board ordered the appellant to refile the August 12, 2014 document with the Clerk of the Board within 7 days, along with proof that she had originally served it on the Board. *Id.* at 1-2. The order warned the appellant that if she failed to do so, the Board might assume she was satisfied and dismiss her petition for enforcement. *Id.* at 2. The appellant did not respond.

¶5        Because the agency has submitted evidence of purported compliance and the appellant has neither challenged it nor responded to the Board's November 7,

2014 refiling order, we now find the agency in compliance, assume the appellant is satisfied, and dismiss the petition for enforcement.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR RIGHT TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.